(No. 3452— ▮▮▮▮▮▮)

RALPH JOHNSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1945.*

SHARL B. BASS AND GREENBERG & SACHS, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

Claimant, Ralph Johnson, was employed as an attendant at the Manteno State Hospital, and while so employed, on August 15, 1939, became ill with typhoid fever. Claimant alleges that as a result of said sickness he incurred expenses for medical and nursing services in the sum of $279.18. Claimant seeks an award for the amount of his expenditures for such medical and nursing services; also for impaired vision, the loss of the use of his legs, and for diminished hearing; all being a result of his said sickness.

The record consists of the Complaint, Stipulation, Deposition, Report of the Medical Examination, and Waiver of Statement, Brief and Argument by both Claimant and Respondent.

At the time of claimant's illness an epidemic of typhoid fever existed at the Manteno State Hospital, and claimant was required to care for and attend patients suffering from typhoid fever. We have heretofore held that an employee contracting typhoid fever under such conditions is entitled to the benefits under the Workmen's Compensation Act. *Mary Ade* vs. *State,* 13 C. C. R. 1.

Claimant was examined on January 25, 1945, at the Chicago State Hospital by Dr. Carl Popper, a staff physician, a report of which examination was filed herein

on February 16, 1945, and discloses that claimant suffered from some disability in his right leg; that his eye sight is normal; and that his hearing is diminished in the right ear. The history of the case is a perforated right ear drum and weakness in the right leg.

Testifying in behalf of claimant, Dr. Alfred H. Mitchell of Chicago, testified that claimant had an involvement of the sensory branch of the spinal nerves which supply the area over the lower surface of the right thigh at its lower half, which he called neuritis. Dr. Mitchell said that in his opinion, this neuritis *could be* a complication following the attack of typhoid. He said further, ''There are cases on record of that particular complication. They are not frequent, but they do occur.'' On cross examination, Dr. Mitchell admitted that ''there are several diseases which could cause this thing other than the complication of typhoid fever.''

Dr. Alfred H. Herman, 30 North Michigan Avenue, Chicago, Illinois, testifying in behalf of claimant, said that his right ear showed a drum with markedly distorted land marks. There was a small perforation in the posterior anterior quadrant. When asked if, in his opinion, there was any causal relationship between the loss of hearing at the present time and the attack of typhoid fever, said ''there might or could have been some effect on his hearing.'' Also, on cross examination, Dr. Herman said that the diminished hearing might have been the result of some other disease.

The evidence is entirely insufficient to support the claim that claimant's alleged disability is a result of his illness from typhoid fever.

Claimant was required to obtain medical and nursing services at his own expense, and paid $143.00 for nursing services, $2.00 for a test taken at St. Mary's Hospital,

$11.18 for medicine, and $123.00 to Dr. O. H. Phipps— a total of $279.18—all of which was paid by claimant, and for which he is entitled to be reimbursed.

Claimant's illness began on August 16, 1939, and he returned to work on December 12, 1939, in the same capacity and at the same salary. He was entitled to receive for total temporary disability during his illness, the sum of $11.04 per week for 17 weeks, or a total of $187.68. He was paid his full salary during the period of his illness, or the sum of $243.87. Claimant thus received $56.19 for unproductive time during his illness, which amount must be deducted from the amount due him, leaving a balance due claimant of $222.99.

An award is therefore made in favor of claimant, Ralph Johnson, in the total sum of $222.99, all of which is accrued.